IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN FURMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT HOME STORES LLC, f/k/a GARDEN RIDGE MANAGEMENT, LLC<br><br>Defendant. | No.<br><br>Judge<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Brian Furman ("Plaintiff"), on behalf of himself and all others similarly situated, known and unknown, through his attorneys and for his Complaint against Defendant At Home Stores LLC, f/k/a Garden Ridge Management, LLC ("Defendant" or "At Home"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law (IMWL) 820 ILCS 105/1, *et seq.,* for Defendant's failure to pay Plaintiff and other similarly situated employees earned overtime wages.

2. Plaintiff worked for Defendant as a Customer Support Manager ("CSM").

3. Other similarly-situated employees worked for Defendant as CSMs.

4. As a CSM, Plaintiff performed a variety of sales, customer service, and store maintenance duties including, but not limited to: working the cash register, unloading merchandise from freight trucks, putting together merchandise displays, assisting customers in the store, stocking inventory, placing returned merchandise back on the shelves, and cleaning the

store, including the bathrooms.

5. For purposes of the overtime provisions of the FLSA and the IMWL, Defendant misclassified Plaintiff and other CSMs as "exempt" employees, while regularly requiring Plaintiff and other CSMs to work more than forty (40) hours per week.

6. Plaintiff spent the majority of his work time performing the same or similar duties as non-exempt, hourly-paid sales employees.

7. Other CSMs spent the majority of their work time performing the same or similar duties as non-exempt, hourly-paid sales employees.

8. Defendant classified Plaintiff as an exempt employee and did not pay Plaintiff overtime compensation when he worked more than forty (40) hours during individual work weeks.

9. Defendant classified other CSMs as exempt employees and did not pay other CSMs overtime compensation when they worked more than forty (40) hours during individual work weeks.

10. Plaintiff brings his FLSA overtime claim as a collective action under the FLSA. 29 U.S.C. § 216(b). Plaintiff's written consent form to act as a representative Plaintiff under the FLSA is attached hereto as Exhibit A.

## THE PARTIES

11. Plaintiff Brian Furman resides in and is domiciled in Aurora, Illinois, within this judicial district.

12. Defendant At Home Stores LLC is a Delaware company with its principal place of business in Plano, Texas.

13. In 2014, Defendant changed its name from Garden Ridge Management, LLC to

At Home Stores LLC.

14. Despite the rebranding, corporate ownership of Defendant has not changed during the relevant period.

15. Defendant operates stores in 28 states, including three locations in Illinois: an O'Fallon, Illinois store; an Aurora, Illinois store; and a Schaumburg, Illinois store.

16. Plaintiff was employed by Defendant as a CSM at the Aurora, Illinois location from approximately 2013 until March 2016.

17. Plaintiff was an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

18. Other CSMs were "employees" of Defendant as that term is defined by the FLSA. 29 U.S.C. § 203(d).

19. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

20. Defendant was the "employer" of other CSMs as that term is defined by the FLSA. 29 U.S.C. § 203(d).

21. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

22. At all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

## JURISDICTION & VENUE

23. This Court has original jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 1331.

24. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

25. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1931(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## COMMON FACTUAL ALLEGATIONS

26. Although Plaintiff's title was "Customer Support Manager," he was not a manager for purposes of the executive employee exemption to the FLSA. 29 U.S.C. § 213(a)(1).

27. The primary duties performed by Plaintiff were non-exempt, including: working the cash register; restocking merchandise; cleaning the store; unloading freight; setting up store displays according to corporate guidelines; and interacting with customers.

28. The primary duties performed by other CSMs were non-exempt, including: working the cash register; restocking merchandise; cleaning the store; unloading freight; setting up store displays according to corporate guidelines; and interacting with customers.

29. Plaintiff did not exercise any meaningful degree of independent judgment or discretion with respect to the exercise of his duties, and was required to follow policies, practices, and procedures dictated by Defendant At Home.

30. Other CSMs did not exercise any meaningful degree of independent judgment or discretion with respect to the exercise of their duties, and were required to follow policies, practices, and procedures directed by Defendant At Home.

31. For example, as a CSM, Plaintiff did not have the authority to: (a) hire employees; (b) fire employees; (c) set employees' regular work schedules; (d) suspend employees; (e) set employees' rates of pay; (f) set the store's budget; or (g) determine what merchandise to buy to

stock the store.

32. As a CSM, Plaintiff's suggestions and recommendations regarding hiring, firing, or promoting hourly employees were not followed and were not given particular weight.

33. As a CSM, Plaintiff was supervised by a Store Director and a District Manager who had the authority to hire, fire, and promote hourly employees.

34. Other CSMs were supervised by Store Directors and District Managers who had the authority to hire fire, and promote hourly employees.

35. At Home dictated the day-to-day tasks that Plaintiff performed at the Aurora location.

36. At Home dictated the day-to-day tasks that CSMs performed at its stores.

37. Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

38. Defendant regularly required other CSMs to work more than forty (40) hours per week.

39. As a CSM, Plaintiff was not required to punch a time clock or otherwise record his time worked for Defendant.

40. Defendant did not keep records of the hours worked by Plaintiff during his employment as a CSM.

41. Defendant did not keep records of the hours worked by other CSMs.

42. As part of its regular business practice, At Home willfully engaged in policies or practices that violated the FLSA with respect to Plaintiff and other CSMs. Those policies or practices included:

    a. Willfully failing to pay Plaintiff and other CSMs overtime wages for time they spent working in excess of forty (40) hours during individual work weeks;

b. Willfully misclassifying Plaintiff and other CSMs as exempt employees under the FLSA; and

c. Willfully failing to record the time that Plaintiff and other CSMs spent working for At Home.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Plaintiff on behalf of himself and other similarly situated CSMs – Collective Action)

43. Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

44. Plaintiff asserts this claim for unpaid overtime wages pursuant to the FLSA on behalf of himself and all similarly situated CSMs pursuant to 29 U.S.C. § 216(b).

45. This Count arises from Defendant's failure to pay Plaintiff and other CSMs overtime wages at one and one-half times their regular rates of pay when they worked more than forty (40) hours during individual work weeks, in violation of the FLSA. 29 U.S.C. § 207.

46. Although the primary duties performed by Plaintiff were non-exempt, Defendant willfully misclassified Plaintiff as exempt from the overtime provisions of the FLSA.

47. Although the primary duties performed by other CSMs were non-exempt, Defendant willfully misclassified other CSMs as exempt from the overtime provisions of the FLSA.

48. Defendant's violations of the FLSA have been willful, and therefore a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. As a result of Defendant's willful violations of the FLSA, Plaintiff and other CSMs have suffered damages by being denied owed overtime wages.

WHEREFORE, Plaintiff and similarly situated CSMs request a judgment against Defendant At Home as follows:

    A.    Judgment in the amount of one and one-half times their regular rates of pay for all hours Plaintiff and similarly situated CSMs worked in excess of forty (40) hours per week, as provided by the FLSA;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime wages owed to Plaintiff and other CSMs, as provided by the FLSA;

    C.    Reasonable attorneys' fees and costs incurred in prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff - individually)

50.    Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

51.    The matters set forth in this count arise from Defendant's violation of the overtime provisions of the IMWL, 820 ILCS 105/4a. Plaintiff brings this claim individually.

52.    Although the primary duties Plaintiff performed were non-exempt, Defendant misclassified Plaintiff as exempt from the overtime provisions of the IMWL.

53.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked over forty (40) hours.

54.    Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours per week.

55.    Defendant violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular rate for all time worked in excess of forty (40) hours per week.

56.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of the under payments.

WHEREFORE, Plaintiff requests a judgment against Defendant At Home as follows:

A. Judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time Plaintiff worked in excess of forty (40) hours during individual work weeks;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: August 18, 2016

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt - sarendt@flsalaw.com
Zachary C. Flowerree - zflowerree@flsalaw.com
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

# EXHIBIT A

## NOTICE OF CONSENT

I was employed by **At Home Stores, LLC f/k/a Garden Ridge Management, LLC**, or its parents, subsidiary or affiliated companies during the prior three (3) years, and in one or more individual work weeks during that time period, was not paid all the overtime wages owed to me as required by 29 U.S.C. § 201 *et seq*. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act collective action in my name and on behalf of all persons similarly situated to myself.

My name is:   Brian Furman

Your signature: *Brian Furman*

Date: July 27, 2016